NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO MARTINEZ-ORDONEZ, AKA Manuel Linares Ramirez, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No.   17-70888 Agency No. A205-716-872 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2023**
Pasadena, California

Before:  BYBEE, FISHER,*** and DESAI, Circuit Judges.

Fernando Martinez-Ordonez is a native and citizen of Mexico. He petitions

for review of the decision of the Board of Immigration Appeals (BIA) dismissing

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

his appeal from the Immigration Judge's (IJ's) denial of his applications for withholding of removal, protection under the Convention Against Torture (CAT), and voluntary departure. We deny in part, and dismiss in part, the petition for review.

We have jurisdiction under 8 U.S.C. § 1252(a). When, as it did here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), and also reviews the facts and the law, our review extends to both the IJ and BIA decisions. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We review legal conclusions de novo and factual findings for substantial evidence. *Id.* Substantial evidence supports a finding unless any reasonable adjudicator, reviewing the record, would be compelled to conclude to the contrary. *Id.*

1. Withholding of removal under 8 U.S.C. § 1231(b)(3) is a mandatory form of relief available to a noncitizen whose "life or freedom would be threatened in the proposed country of removal *on account of* . . . membership in a particular social group . . . ." 8 C.F.R. § 208.16(b) (emphasis added). Substantial evidence supports the IJ's and BIA's conclusion that Martinez is not entitled to withholding of removal because he is able to establish neither past persecution nor an objectively reasonable fear of future persecution. *See Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019).

To establish past persecution, an applicant must demonstrate that (1) their experiences rise to the level of persecution; (2) the persecution was on account of a protected ground; and (3) the persecution was committed by the government or forces that the government is unable or unwilling to control. *Lanza v. Ashcroft*, 389 F.3d 917, 933–34 (9th Cir. 2004). Martinez was not personally harmed or threatened in the past. Instead, he argues that cumulative violence and harassment toward his family is sufficient to establish past persecution.[1] Martinez is correct that "harm to a petitioner's close relatives, friends, or associates may contribute to a successful showing of past persecution." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). He does not, however, satisfy this Court's requirement that any such harm experienced by his family be part of "a pattern of persecution closely tied to" the petitioner himself. *Id.* (quoting *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991)).

Martinez's claim of past persecution fails for two additional and independent reasons. The BIA rightly found that Martinez was unable to demonstrate that any alleged persecution occurred "on account of" his membership in the particular social group of a "Mexican male whose family has been the victim of criminal

---

[1] Two events form the basis of Martinez's past persecution argument. First, Martinez's brother was extorted by La Familia Michoacan, an organization dedicated to extortion, drugs, and killings. Second, Martinez's daughter's partner was mugged and fatally shot by unknown assailants.

cartels and gangs." The record is devoid of evidence that either the extortion or the killing was related to Martinez's family, or was in any way motivated by the victim's membership in the family group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[H]arassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Nor could Martinez demonstrate that these acts were committed by the government or by forces that the government is unable or unwilling to control. *See Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010).

In the absence of past persecution, an applicant must "show a fear of future persecution that is 'both subjectively genuine and objectively reasonable.'" *Flores-Vega*, 932 F.3d at 886 (quoting *Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010)). Substantial evidence supports the IJ's and BIA's conclusion that, notwithstanding the evidence concerning conditions in Mexico, Martinez's fear that he would be persecuted if returned to Mexico was not objectively reasonable and not sufficiently connected to a protected ground. *See id.* at 887 ("[Applicant] may be in danger if he is removed to Mexico. But the danger is not on account of a protected ground."). That Martinez's family—including his ex-wife and three daughters—continue to live safely in Mexico only serves to further undercut his claim. *See Tamang*, 598 F.3d at 1094. The record does not compel a conclusion contrary to the BIA's, so we uphold the BIA's denial of withholding of removal.

4

2. The CAT forbids the government from removing a person to any country where it is more likely than not that they will experience torture "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see also Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022). Eligibility for CAT protection requires the applicant to establish a particularized fear—in other words, that the applicant would personally be at risk for torture. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018). Without such a showing, CAT protection is not available.

Martinez is unable to demonstrate that his fear of violence in Mexico is particularized. Martinez does not claim—and there is no evidence to support such a claim—that he was harmed, much less tortured, by any government officials or anyone acting with the acquiescence of the government. The fact that Martinez's brother was extorted with unclear motive and his daughter's partner was killed by unknown actors, combined with "generalized evidence of violence and crime in Mexico," does not compel the conclusion that, upon his return, Martinez would more likely than not be tortured. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Substantial evidence supports the IJ's and BIA's decisions.

3. We lack "jurisdiction over an appeal from denial of a request for an order of voluntary departure." 8 U.S.C. § 1229c(f). We do, however, retain

jurisdiction to review "constitutional claims or questions of law." *Id.*

§ 1252(a)(2)(D); *see also Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022). But Martinez does not assert a constitutional claim or question of law. Instead, he argues that the agency did not properly weigh the equities in denying voluntary departure. Because that is precisely what we may not review under § 1229c(f), we dismiss this aspect of the petition for lack of jurisdiction.

The petition is **DENIED** in part and **DISMISSED** in part.